UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CRIMINAL ACTION NO. 07-74-KKC-01

UNITED STATES OF AMERICA,                                                    PLAINTIFF,

V.             **MAGISTRATE JUDGE'S
               REPORT AND RECOMMENDATION**

LONNIE JOE TIPPETT ,                                                         DEFENDANT.

***** ***** *****

This matter came before the Court for a final revocation hearing on August 5, 2014, as a result of a Supervised Release Violation Report dated July 8, 2014. The report outlines five (5) violations of Defendant's Supervised Release. At the final hearing, Tippett was present and represented by appointed counsel, Patrick O'Neill, and the United States by and through Assistant United States Attorney Sam Dotson. During the hearing, Tippett stipulated to the five (5) violations as outlined in the report, waived his right of allocution before a United States District Judge and exercised his right of allocution before the undersigned. The United States and the Defendant jointly recommended a sentence of imprisonment of twenty-one (21) months with no supervised release to follow. The matter now stands submitted for a recommendation from the undersigned. For the reasons that follow, the undersigned will recommend that Tippett be found guilty of the five (5) violations as outlined in the report, and that the Court impose a sentence of twenty-one (21) months incarceration with three (3) years of supervised release, less any period of incarceration, to follow.

# FINDINGS OF FACT

At the hearing on November 18, 2013, Tippett admitted to the illegal purchase and use of suboxone, a schedule III controlled substance, as outlined in the violation report. In addition, the record reveals that on July 10, 2013, he pled guilty to DUI as charged in Pike County District Court, Case No. 11-M-02091. The stipulated conduct establishes, by a preponderance of the evidence, that the Defendant has violated the following conditions of his supervised release:

(1) Supervised Release Condition 2: The defendant shall not commit another federal, state or local crime, based upon his admission that use of a controlled substance is equal to possession, simple possession of suboxone, a schedule III controlled substance, is a violation of 21 U.S.C. 844(a), a Class E felony. (Grade B violation);

(2) Standard Condition # 7: The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician, based upon his admission to the illegal purchase and use of suboxone (Grade C violation);

(3) Special Condition # 8: The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered, based upon his illegal purchase of suboxone (Grade C violation);

(4) Supervised Release Condition: The Defendant shall not associate with any persons engaged in criminal activity and shall not associate with any persons convicted of a felony, unless granted permission to do so by the probation officer, based upon his admission to purchasing suboxone from one who had no legal authority to sell the substance (Grade C violation); and

(5) Supervised Release Condition: The defendant shall not commit another federal, state or local crime, based upon his plea of guilty to DUI as charged in Pike County District Court, Case No. 11-M-02091 (Grade C violation).

**ANALYSIS**

In making a recommendation regarding the imposition of sentence, the undersigned has considered the following factors set forth in 18 U.S.C. § 3553:

**(i) The nature and circumstances of the offense.** In the instant matter, the Court considers the nature and circumstances of the offenses as set out above.

**(ii) The history and characteristics of the defendant.** On October 29, 2008, after his plea of guilty to being a Felon in Possession of a Firearm in violation of 18 U.S.C. 922(g)(1), the Defendant was sentenced to 37 months incarceration followed by 3 years supervised release. He was released to supervision on July 6, 2011, and his first documented violation of supervision occurred barely two months later, on September 15, 2011, when he tested positive for suboxone without a valid prescription. His violations of law continued until his state parole was revoked and he was returned to the custody of the Kentucky Department of Corrections.

**(iii) The need for the sentence to reflect the seriousness of the offense; to promote respect for the law; to provide just punishment for the offense; to afford adequate deterrence to future conduct; and to protect the public from further crimes of the Defendant.** The Court notes that the joint request for a period of 21 months incarceration is appropriate and within the applicable guideline range. In addition, the Court believes that a period of supervised release is necessary to act as a deterrent to future criminal conduct, and to protect the public from further crimes. The Defendants violations began barely two months after being released to supervision.

Considering his criminal history category of V, the Defendant was informed that further violations would expose him to longer periods of incarceration. His difficulty in maintaining a life free from violations of law requires further oversight by, and accountability to, the Court. Therefore, the Court believes that a period of supervised release is essential to encouraging him to maintain a lifestyle within the bounds of the law, and thereby decreasing any danger he would pose to any other and the public.

**(iv) The sentencing guideline recommendation for imprisonment and statutory limitations.** In the instant matter, the most serious of the violations committed by the Defendant is a Grade B violation, and under § 7B1.1, based on the Defendant's criminal history category of V, the guideline range of imprisonment would be eighteen (18) to twenty-four (24) months. The maximum statutory period of imprisonment would be a term of not more than twenty-four (24) months. *See* 18 U.S.C. § 3583(e)(3). The maximum period of supervised release would be 36 months, less any term of imprisonment imposed upon revocation. 18 U.S.C. § 3583(b). The Guidelines are, of course, advisory in nature, to be considered by the District Judge along with all relevant factors in exercising his sentencing discretion.

## **RECOMMENDATION**

The undersigned in making a recommendation, has considered the facts set out above in accordance with controlling law, the Defendant's past and persistent criminal conduct, the serious nature of the instant violations, and the parties' arguments regarding the appropriate length of the Defendant's sentence.

For the reasons stated herein, IT IS RECOMMENDED AS FOLLOWS:

(1)    That the Defendant be found to have committed the five (5) violations outlined

above, based on his stipulation; and

(2) That the Defendant be sentenced without delay to twenty-one (21) months incarceration, with three (3) years of supervised release, less time served, to follow.

Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749-750 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995).

Signed August 5, 2014.

Signed By:
*Edward B. Atkins*  *EBA*
United States Magistrate Judge